# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# EVANSVILLE DIVISION

| | | |
|---|---|---|
| SERVUS, INC. | ) | 3:18-cv-00063-RLY-MPB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WAND CORPORATION | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER ON CASE MANAGEMENT PLAN

**I.   Parties and Representatives**

    A.    Plaintiff:    SERVUS, Inc. ("SERVUS")
            Defendant:  WAND Corporation ("WAND")

    B.    *For Plaintiff:*

        John F. McCauley
        Brian W. Welch
        Jessica O. Laurin
        Bingham Greenebaum Doll LLP
        2700 Market Tower
        10 West Market Street
        Indianapolis, IN 46204
        T: (317) 635-8900
        F: (317) 236-9907
        jmccauley@bgdlegal.com
        bwelch@bgdlegal.com
        jlaurin@bgdlegal.com

        *For Defendant:*

        David T. Movius
        McDonald Hopkins LLC
        600 Superior Avenue East
        Suite 2100
        Cleveland, OH 44114
        T: (216) 348-5400
        F: (261) 348-5474
        dmovius@mcdonaldhopkins.com

Counsel shall promptly file a notice with the Clerk if there is any change in this information.

## II. Jurisdiction and Statement of Claims

A. This Court has subject matter jurisdiction because there is a complete diversity of citizenship and the amount in controversy exceeds $75,000 exclusive of interests and costs. 18 U.S.C. § 1332.

B. SERVUS operates various restaurants throughout the Midwest. WAND provides Point of Sale software for restaurants. More than twenty years ago, WAND and SERVUS entered into a contract involving WAND's Point of Sale software. Under the agreement, SERVUS would buy Point of Sale software from WAND, and, in exchange, WAND agreed, among other things, to provide SERVUS with state of the art software and to take reasonable precautions and institute reasonable protections to safeguard SERVUS's data and systems from unauthorized intrusion by third parties. SERVUS discovered in or around October 2015 that hackers infiltrated WAND's system. The hackers installed malware that allowed them to steal SERVUS's customer data. Because WAND failed to take reasonable precautions and institute reasonable protections to safeguard SERVUS's systems from unauthorized access by third parties, WAND breached its agreement with SERVUS. By the same token, WAND had a duty to institute such protections, and its failure to do so was negligent. SERVUS has suffered damages because of WAND's contract breaches and negligence.

C. WAND is a market leader in digital menu technology, point-of-sale and back office systems for quick service and fast casual restaurants. SERVUS has purchased point-of-sale systems and related services from WAND for use in its restaurants. Over the course of their relationship, WAND never contracted to protect SERVUS's networks, systems or data from unauthorized access. On the contrary, SERVUS agreed that it—not WAND—was responsible for securing SERVUS's networks and ensuring the security of its systems and data. Moreover, the Payment Card Industry Data Security Standard (PCI-DSS), to which SERVUS agreed to be bound as a condition to accepting credit card payments at its restaurants, affirmatively required SERVUS to implement specific security measures that would have prevented the alleged data breach, which SERVUS failed to do. Therefore, for at least these reasons, WAND denies SERVUS's contract and negligence claims and disputes that SERVUS has suffered any damages for which WAND could be liable.

## III. Pretrial Pleadings and Disclosures

A. The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before **July 27, 2018**.

B.      Plaintiff(s) shall file preliminary witness and exhibit lists on or before **August 3, 2018.**

C.      Defendant(s) shall file preliminary witness and exhibit lists on or before **August 10, 2018**.

D.      All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before **August 29, 2018**.

E.      Plaintiff(s) shall serve Defendant(s) (but not file with the Court) a statement of special damages, if any, and make a settlement demand, on or before **August 27, 2018**. Defendant(s) shall serve on the Plaintiff(s) (but not file with the Court) a response thereto within 30 days after receipt of the demand.

F.      Except where governed by paragraph (G) below, expert witness disclosure deadlines shall conform to the following schedule: Plaintiff(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **March 29, 2019.** Defendant(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **April 29, 2019**; or if Plaintiff has disclosed no experts, Defendant(s) shall make its expert disclosure on or before **April 29, 2019**.

G.      Notwithstanding the provisions of paragraph (F), above, if a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel no later than 90 days prior to the dispositive motion deadline. If such expert disclosures are served the parties shall confer within 7 days to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment. The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines. Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the Court.

H.      Any party who wishes to limit or preclude expert testimony at trial shall file any such objections on or before **June 3, 2019**. Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by S.D. Ind. L.R. 56-1.

I.      All parties shall file and serve their final witness and exhibit lists on or before **May 29, 2019**. This list should reflect the specific potential witnesses the party may call at trial. It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements. The list of final witnesses shall include a brief synopsis of the expected testimony.

    J.      Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

    K.      <u>Discovery of electronically stored information ("ESI")</u>.  If either party is seeking the production of a substantial volume of ESI, then complete the [ESI Supplement to the Report of the Parties' Planning Meeting](http://www.insd.uscourts.gov/case-management-plans) (also available in MS Word on the court's website at http://www.insd.uscourts.gov/case-management-plans).

If the parties believe that a substantial volume of ESI will not be produced in the case, the parties should include herein a brief description of the information anticipated to be sought in discovery in the case and include (1) the parties' agreement regarding the format in which ESI will be produced (including whether the production will include metadata), (2) a description of any other issues the parties believe may be relevant to discovery in the case, and (3) either the following claw back provision or the language of any alternative provision being proposed:

> In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned. In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document. The producing party shall promptly identify the returned document on a privilege log. The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

**The parties agree and state that the initial production of documentary materials and electronically stored information responsive to a Rule 34 request for production shall be by tiff- or pdf-formatted image with appropriate Summation-format load files. Following initial production, the parties may request supplemental production of designated materials in native format where reasonably necessary for the prosecution or defense of this case.**

**IV.**    <u>**Discovery[1] and Dispositive Motions**</u>

---

[1] The term "completed," as used in Section IV.C, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline. Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same. In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will

Due to the time and expense involved in conducting expert witness depositions and other discovery, as well as preparing and resolving dispositive motions, the Court requires counsel to use the CMP as an opportunity to seriously explore whether this case is appropriate for such motions (specifically including motions for summary judgment), whether expert witnesses will be needed, and how long discovery should continue. To this end, counsel must select the track set forth below that they believe best suits this case. If the parties are unable to agree on a track, the parties must: (1) state this fact in the CMP where indicated below; (2) indicate which track each counsel believes is most appropriate; and (3) provide a brief statement supporting the reasons for the track each counsel believes is most appropriate. If the parties are unable to agree on a track, the Court will pick the track it finds most appropriate, based upon the contents of the CMP or, if necessary, after receiving additional input at an initial pretrial conference.

A.  Does any party believe that this case may be appropriate for summary judgment or other dispositive motion? If yes, the party(ies) that expect to file such a motion must provide a brief statement of the factual and/or legal basis for such a motion. [Note: A statement such as, "Defendant will seek summary judgment because no material facts are in dispute," is insufficient. Such a statement does not indicate to the Court that the parties used the CMP as an opportunity to seriously explore whether this case is appropriate for summary judgment or other dispositive motion. However, the failure to set forth a basis for a dispositive motion in the CMP will not bar a party from raising this argument at the motions stage.]

**WAND anticipates that this case will be appropriate for summary judgment with respect to each of SERVUS's claims. With respect to SERVUS's breach of contract claim, WAND believes that summary judgment will be appropriate because, *inter alia*, the contracts under which SERVUS acquired the systems and services at issue do not impose on WAND the obligations that SERVUS alleges to have been breached. And with respect to SERVUS's negligence claim, WAND believes that summary judgment will be appropriate because, *inter alia*, SERVUS affirmatively assumed the duty to take steps that would have prevented the alleged data breach but failed to do so. Finally, WAND believes that summary judgment may be appropriate on its affirmative defenses, including that with respect to SERVUS's contributory or comparative negligence because failed to comply with its duties under PCI-DSS or otherwise protect its systems. WAND reserves the right to move for summary judgment on these and any other bases that be available to it as of the dispositive motion deadline.**

B.  On or before **February 5, 2019**, and consistent with the certification provisions of Fed. R. Civ. P. 11(b), the party with the burden of proof shall file a statement of

---

receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

5

      the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.

C.     Select the track that best suits this case:

   __ X __ Track 2: Dispositive motions are expected and shall be filed by **March 29, 2019**; non-expert witness discovery and discovery relating to liability issues shall be completed by **January 29, 2019**; expert witness discovery and discovery relating to damages shall be completed by **June 28, 2019**. All remaining discovery shall be completed **July 29, 2019**.

  <u>Absent leave of Court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.</u>

## V.   <u>Pre-Trial/Settlement Conferences</u>

At any time, any party may call the Judge's Staff to request a conference, or the Court may *sua sponte* schedule a conference at any time. The presumptive time for a settlement conference is no later than 30 days before the close of non-expert discovery. **The parties are encouraged to request an earlier date if they believe the assistance of the Magistrate Judge would be helpful in achieving settlement. The parties recommend a settlement conference in March 2019.**

## VI.   <u>Trial Date</u>

The parties request a trial date in **October 2019**. The trial is by **jury** and is anticipated to take **five** days. Counsel should indicate here the reasons that a shorter or longer track is appropriate. While all dates herein must be initially scheduled to match the presumptive trial date, if the Court agrees that a different track is appropriate, the case management order approving the CMP plan will indicate the number of months by which all or certain deadlines will be extended to match the track approved by the Court.

## VII.   <u>Referral to Magistrate Judge</u>

A.     **Case**. At this time, all parties **do not** consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all further proceedings including trial.

B.     **Motions**. The parties may also consent to having the assigned Magistrate Judge rule on motions ordinarily handled by the District Judge, such as motions to dismiss, for summary judgment, or for remand. If all parties consent, they should file a joint stipulation to that effect. Partial consents are subject to the approval of the presiding district judge.

**VIII.    Required Pre-Trial Preparation**

    A.    **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

        1.    File a list of trial witnesses, by name, who are actually expected to be called to testify at trial. This list may not include any witnesses not on a party's final witness list filed pursuant to Section III.I.

        2.    Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial. Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation. Make the original exhibits available for inspection by opposing counsel. Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

        3.    Submit all stipulations of facts in writing to the Court. Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

        4.    A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

            a.    brief written summaries of the relevant facts in the depositions that will be offered. (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

            b.    if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

        5.    Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

        6.    Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

B. **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1. Notify opposing counsel in writing of any objections to the proposed exhibits. If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

2. If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing. Any objections shall be made in the same manner as for proposed exhibits. However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

3. File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

4. Notify the Court and opposing counsel of requests for separation of witnesses at trial.

## IX. Other Matters

The parties anticipate the necessity for a stipulated protective Order to protect its' proprietary and trade secret information and will file such an order consistent with the Southern District's Uniform Protective Order.

*/s/  John F. McCauley*_____

John F. McCauley
Brian W. Welch
Jessica O. Laurin
Bingham Greenebaum Doll LLP
2700 Market Tower
10 West Market Street
Indianapolis, IN 46204
T: (317) 635-8900
F: (317) 236-9907
jmccauley@bgdlegal.com
bwelch@bgdlegal.com
jlaurin@bgdlegal.com

*Attorneys for Plaintiff SERVUS, Inc.*

8

*/s/\_\_David T. Movius_____*

David T. Movius
McDonald Hopkins LLC
600 Superior Avenue East
Suite 2100
Cleveland, OH 44114
T: (216) 348-5400
F: (261) 348-5474
dmovius@mcdonaldhopkins.com

*Attorney for Defendant WAND Corporation*

9

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| X | PARTIES APPEARED BY COUNSEL ON **JUNE 22, 2018** FOR A PRETRIAL CONFERENCE. |
| X | APPROVED AS SUBMITTED. |
| | APPROVED AS AMENDED. |
| | APPROVED AS AMENDED PER SEPARATE ORDER. |
| | APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
| | APPROVED, BUT THE DEADLINES SET IN SECTION(S) _____ OF THE PLAN IS/ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
| X | DISCOVERY DEADLINE SHALL BE **JANUARY 29, 2019**. |
| | THIS MATTER IS SET FOR TRIAL BY_____ON _____. FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR _____AT____.M., ROOM__. |
| X | A TELEPHONIC STATUS CONFERENCE IS SET IN THIS CASE FOR **AUGUST 8, 2018 AT 10:30 A.M. (CST). The information needed by counsel to participate in this telephonic conference will be provided by a separate notification.** |

| | |
|---|---|
| X | A SETTLEMENT CONFERENCE IS SET IN THIS CASE FOR **NOVEMBER 15, 2018 AT 1:00 P.M. (CST).** COUNSEL SHALL APPEAR:<br><br>    ____X____ IN PERSON IN ROOM **328** (**See attachment for particulars, including description of which client(s) must attend.**); OR<br><br>    _____ BY TELEPHONE, WITH COUNSEL FOR ____ INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING THE COURT JUDGE AT (____) _____; OR<br><br>    _____ BY TELEPHONE, WITH COUNSEL CALLING THE JUDGE'S STAFF AT (____) _____; |
| X | DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN **MARCH 29, 2019**. |

    Upon approval, this Plan constitutes an Order of the Court.  Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Rule 16(f), to and including dismissal or default.

    **Approved and So Ordered.**

Dated:  June 22, 2018

_____
Matthew P. Brookman
United States Magistrate Judge
Southern District of Indiana

**Served electronically on all ECF-registered counsel of record.**

## SETTLEMENT CONFERENCES BEFORE
## U.S. MAGISTRATE JUDGE MATTHEW P. BROOKMAN

**This matter is set for a settlement conference in Room 328, of the United States Courthouse, Evansville, Indiana before Magistrate Judge Matthew P. Brookman.** Unless excused by order of the court, clients or client representatives with complete authority to negotiate and consummate a settlement shall attend the settlement conference, **in person,** along with their counsel. With respect to corporate, governmental, and other organizational entities, an authorized client representative with authority to negotiate and communicate a settlement must appear in-person at the settlement conference along with their counsel. Any insurance company that is a party, or is contractually required to defend or indemnify any party, in whole or in part, must have a fully authorized settlement representative present at the conference. Such representative must have final settlement authority to commit the company to pay, **in the representative's own discretion,** an amount within the policy limits, or up to the plaintiff's last demand, whichever is lower. Counsel are responsible for timely advising any involved non-party insurance company of the requirements of this order. The purpose of this requirement is to have in attendance a representative who has both the authority to exercise his or her own discretion, and the realistic freedom to exercise such discretion without negative consequences, in order to settle the case during the settlement conference without consulting someone else who is not present. Under no circumstances will counsel of record be deemed to be the proper client representative for settlement purposes. **All persons entering the United States Courthouse must have photo identification.**

Client representatives for all parties must have final settlement authority without consulting someone else who is not present. This means that parties should not need or expect to contact others, who are not present at the conference, to discuss or modify settlement authority. If such a person exists who would need to be consulted, that party must be present at the settlement conference. The Court recognizes that for some corporate and governmental entities, and a limited number of other organizational entities with multi-layered approval procedures, additional approvals may be required to formally approve a settlement. However, parties and their counsel in these limited situations must exercise all possible good faith efforts to ensure that the representative(s) present at the settlement conference provides the maximum feasible authority and the best possible opportunity to resolve the case. No other persons are permitted to attend the settlement conference without leave of Court.

**Three business days before the scheduled conference, the parties shall submit (not file) to the Magistrate Judge a confidential settlement statement** setting forth a brief statement of: (1) relevant facts, including any key facts that the party believes are admitted or in dispute; (2) damages, including any applicable back pay, mitigation, compensatory and/or punitive damages, or any other special damages; and (3) any pending or anticipated dispositive or other substantive motions. **The confidential settlement statement should not exceed five, double-spaced pages, and submission of exhibits should be kept to a minimum.**

**No later than fourteen days prior to the settlement conference, Plaintiff(s) shall serve an updated settlement demand on Defendant(s), who shall serve an updated response no later than seven days before the settlement conference. The parties shall submit (not file) to the Magistrate Judge courtesy copies of their respective demand and response at the time of service.** Counsel may submit confidential settlement statements and copies of their settlement demand/response to Chambers via mail or email (mpb_settlement@insd.uscourts.gov).

A request to vacate or continue the settlement conference or otherwise depart from this order shall be done by motion filed with the Court **two weeks** prior to the conference, except in exigent circumstances. Such motion will be granted only for good cause. Failure to comply with any of the provisions in this order may result in sanctions.

**You are reminded of your obligation under Local Rule 16.1(c) which states: "Prior to all court conferences, counsel shall confer to prepare for the conference."**