UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| SERVUS, INC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:18-cv-00063-RLY-MPB |
| ) | |
| WAND CORPORATION, ) | |
| ) | |
| Defendant. ) | |

**MAGISTRATE JUDGE'S ORDER ON
TELEPHONIC STATUS CONFERENCE**

This matter came before the Honorable Matthew P. Brookman, United States Magistrate Judge, by telephone, at 9:00 a.m., Evansville time (CST), on November 15, 2018, for a conference under Rule 16, Federal Rules of Civil Procedure. Parties were represented by counsel.

Thereafter, the following **ORDERS** are entered:

1. A **TELEPHONIC STATUS CONFERENCE** is set for **JANUARY 28, 2019** at 10:30 a.m., Evansville time (CST), before the Honorable Matthew P. Brookman, United States Magistrate Judge. **The information needed by counsel to participate in this telephonic conference will be provided by a separate notification.**

2. A **SETTLEMENT CONFERENCE** is set for **FEBRUARY 27, 2019**, at 1:00 p.m., Evansville time (CST), before the Honorable Matthew P. Brookman, United States Magistrate Judge in Room 328 of the Winfield K. Denton Federal Building & U.S. Court House in Evansville, Indiana. Clients with full settlement authority are to be present **in person** at this conference. **(See attachment for particulars, including description of which client(s) must**

1

**attend**.)

This order has been formulated after a conference at which the respective parties have appeared. Any party shall file any corrections or additions within fourteen (14) days after receipt of this order.

**SO ORDERED.**

Dated: November 26, 2018

Matthew P. Brookman
United States Magistrate Judge
Southern District of Indiana

**Served electronically on all ECF-registered counsel of record.**

## SETTLEMENT CONFERENCES BEFORE
## U.S. MAGISTRATE JUDGE MATTHEW P. BROOKMAN

**This matter is set for a settlement conference in Room 328, of the United States Courthouse, Evansville, Indiana before Magistrate Judge Matthew P. Brookman.** Unless excused by order of the court, clients or client representatives with complete authority to negotiate and consummate a settlement shall attend the settlement conference, **in person,** along with their counsel. With respect to corporate, governmental, and other organizational entities, an authorized client representative with authority to negotiate and communicate a settlement must appear in-person at the settlement conference along with their counsel. Any insurance company that is a party, or is contractually required to defend or indemnify any party, in whole or in part, must have a fully authorized settlement representative present at the conference. Such representative must have final settlement authority to commit the company to pay, **in the representative's own discretion,** an amount within the policy limits, or up to the plaintiff's last demand, whichever is lower. Counsel are responsible for timely advising any involved non-party insurance company of the requirements of this order. The purpose of this requirement is to have in attendance a representative who has both the authority to exercise his or her own discretion, and the realistic freedom to exercise such discretion without negative consequences, in order to settle the case during the settlement conference without consulting someone else who is not present. Under no circumstances will counsel of record be deemed to be the proper client representative for settlement purposes. **All persons entering the United States Courthouse must have photo identification.**

Client representatives for all parties must have final settlement authority without consulting someone else who is not present. This means that parties should not need or expect to contact others, who are not present at the conference, to discuss or modify settlement authority. If such a person exists who would need to be consulted, that party must be present at the settlement conference. The Court recognizes that for some corporate and governmental entities, and a limited number of other organizational entities with multi-layered approval procedures, additional approvals may be required to formally approve a settlement. However, parties and their counsel in these limited situations must exercise all possible good faith efforts to ensure that the representative(s) present at the settlement conference provides the maximum feasible authority and the best possible opportunity to resolve the case. No other persons are permitted to attend the

settlement conference without leave of Court.

**Three business days before the scheduled conference, the parties shall submit (not file) to the Magistrate Judge a confidential settlement statement** setting forth a <u>brief</u> statement of: (1) relevant facts, including any key facts that the party believes are admitted or in dispute; (2) damages, including any applicable back pay, mitigation, compensatory and/or punitive damages, or any other special damages; and (3) any pending or anticipated dispositive or other substantive motions. **The confidential settlement statement should not exceed five, double-spaced pages, and submission of exhibits should be kept to a minimum.**

**No later than fourteen days prior to the settlement conference, Plaintiff(s) shall serve an updated settlement demand on Defendant(s), who shall serve an updated response no later than seven days before the settlement conference. The parties shall submit (not file) to the Magistrate Judge courtesy copies of their respective demand and response at the time of service.** Counsel may submit confidential settlement statements and copies of their settlement demand/response to Chambers via mail or email (mpb_settlement@insd.uscourts.gov).

A request to vacate or continue the settlement conference or otherwise depart from this order shall be done by motion filed with the Court **two weeks** prior to the conference, except in exigent circumstances. Such motion will be granted only for good cause. Failure to comply with any of the provisions in this order may result in sanctions.

**You are reminded of your obligation under Local Rule 16.1(c) which states: "Prior to all court conferences, counsel shall confer to prepare for the conference."**